# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 14, 2007

134444

KATHERINE M. ERNSTING,
          Plaintiff-Appellee,

v

AVE MARIA COLLEGE,
          Defendant-Appellant.
_____/

SC: 134444
COA: 265187
Washtenaw CC: 04-000989-CD

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

On order of the Court, the application for leave to appeal the March 6, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. We take this opportunity to note that, although we generally agree with the approach in the Court of Appeals majority opinion, it was unnecessary for that opinion to state, 274 Mich App 506, 518 (2007), that "remedial statutes like the WPA are liberally construed in favor of the persons intended to be benefited, *Brown v Mayor of Detroit*, 271 Mich App 692, 706; 723 NW2d 464 (2006)." Rather, as this Court later stated in its own opinion in *Brown*, 478 Mich 589, 593-594, when addressing the same statutory provision that is at issue in this case, MCL 15.361(d), "[t]he statutory language in this case is unambiguous," and "[i]f the statutory language is unambiguous, the Legislature is presumed to have intended the meaning expressed in the statute and judicial construction is not permissible."

CAVANAGH, J., would deny leave to appeal.

WEAVER, J., would simply deny because she is not persuaded that the questions presented should be reviewed by this Court.

KELLY, J., concurs in part and dissents in part, and states as follows:

I concur in the decision to deny leave to appeal. But I dissent from that part of the order admonishing the Court of Appeals majority for utilizing the canon of construction that calls for remedial statutes to be construed liberally. I disagree with including that statement for two reasons. First, because it is completely unnecessary to the resolution of the case, it has no force and, therefore, adds nothing to the order. Second, the canon that remedial statutes must be liberally construed is one of the oldest and most respected tools

of construction in all the law. It was perfectly appropriate for the Court of Appeals majority to employ it in this case.

This canon of statutory construction can be traced to the 1584 decision in *Heydon's Case*.[1] That decision set forth the rule that, when statutes are enacted in response to "defect[s] for which the common law did not provide,"[2] courts should identify the problem prompting the legislative enactment and apply the statute in a manner that would "suppress the mischief, and advance the remedy . . . ."[3] The decision in *Heydon's Case* was expanded on by Blackstone, who declared that statutes are "'either declaratory of the common law, or remedial of some defects therein.'"[4] Blackstone reasoned that, when statutes are remedial in purpose, courts should give them a liberal interpretation in order to carry out the intent the lawmakers had in enacting them.[5]

Today, the canon that remedial statutes shall be liberally construed is deeply embedded in American jurisprudence. As I discussed in my concurring opinion in *Haynes v Neshewat*,[6] courts in all 50 states and in each federal circuit have utilized it. The United States Supreme Court has also used the canon to interpret numerous federal laws. And this Court has employed the rule for nearly 150 years.[7]

Given this canon's long history and wide acceptance, and because the Whistleblowers' Protection Act is remedial in nature, it was entirely appropriate for the Court of Appeals majority to apply the canon in this case. And although the members of the majority can reject the tool for themselves, they should not scold other judges for choosing not to do the same.

---

[1] Blake A. Watson, *Liberal construction of CERCLA under the remedial purpose canon: Have the lower courts taken a good thing too far?*, 20 Harv Envtl L Rev 199, 229 (1996).

[2] *Heydon's Case*, 76 Eng Rep 637, 638 (Ex 1584).

[3] *Id.*

[4] Watson, *supra* at 230, quoting 1 Blackstone, Commentaries.

[5] *Id.*

[6] *Haynes v Neshewat*, 477 Mich 29, 42-44 (2007) (Kelly, J., concurring).

[7] See *Shannon v People*, 5 Mich 36, 48 (1858) ("[A] **remedial statute** . . . should be construed **liberally** for the advancement of the remedy.").



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 14, 2007

s1211

Clerk