# Order

Michigan Supreme Court
Lansing, Michigan

December 27, 2007

133369 & (61)(62)(63)(64)

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

LULA ELEZOVIC,
        Plaintiff-Appellee,

and

JOSEPH ELEZOVIC,
        Plaintiff,

v

DANIEL P. BENNETT,
        Defendant-Appellant,

and

FORD MOTOR COMPANY,
        Defendant.
_____/

SC: 133369
COA: 267747
Wayne CC: 99-934515-NO

On order of the Court, the defendant's motion to file a late reply brief is GRANTED. The application for leave to appeal the January 25, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court prior to the completion of the proceedings ordered by the Court of Appeals. We note, however, that without expressly finding a section of the Michigan Civil Rights Act, MCL 37.2101 *et seq.*, ambiguous, the Court of Appeals majority determined that the statute is remedial and thus must be liberally construed. In this respect, the Court of Appeals majority erred. *Rakestraw v General Dynamics Land Systems, Inc*, 469 Mich 220, 232-233, n 12 (2003). In addition, the Court of Appeals erred by mixing its analysis of defendant's agency and liability. Under the plain terms of the statute, the threshold issue is whether defendant is an agent. After that issue is resolved in the affirmative, defendant's liability is based on the Civil Rights Act and his liability thereunder is direct. Therefore, agency principles of authority relating to the principal's vicarious liability for the acts of the agent are irrelevant. We take special care to emphasize that agency principles of authority and liability still apply when the defendant is "a person who has 1 or more employees" and did not personally

participate in the harassment. We acknowledge that the use of the term "employer" to mean both "a person who has 1 or more employees" and "an agent of that person" is ripe for confusion. However, where the Court of Appeals stated that "when the claim of sexual harassment against an employer is for direct liability, and not vicarious liability, intent need not be inferred through a respondeat superior analysis," it should not be interpreted to mean that the principal is strictly liable for its agent's actions. Although a principal's agent may be directly liable, a respondeat superior analysis is still required for a principal that did not directly participate in the harassment. The motions to dismiss and to strike are DENIED.

WEAVER, J., states as follows:

I would deny leave to appeal because I am not persuaded that this Court should review the questions presented at this time.

KELLY, J., concurs in part and dissents in part and states as follows:

I concur in the decision to deny leave to appeal. But, for the reasons explained in my statement in *Ernsting v Ave Maria College*,[1] I dissent from that part of the order scolding the Court of Appeals majority for using the canon of construction that remedial statutes shall be liberally construed. Because the statute at issue, the Civil Rights Act,[2] is a remedial statute,[3] it was appropriate for the Court of Appeals majority to apply the canon to this case.

CAVANAGH, J., joins the statement of KELLY, J.

---

[1] ___ Mich ___ (Docket No. 134444, issued December 14, 2007.)

[2] MCL 37.2101 *et seq.*

[3] *Eide v Kelsey-Hayes Co*, 431 Mich 26, 36 (1988).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 27, 2007



Clerk

d1219