PEOPLE v WILCOX

Docket No. 278189. Submitted May 13, 2008, at Lansing. Decided June 5, 2008. Approved for publication July 31, 2008, at 9:05 a.m.

Larry E. Wilcox was convicted by a jury in the St. Joseph Circuit Court of first-degree criminal sexual conduct (victim less than 13 years old). The court, Paul E. Stutesman, J., sentenced the defendant as a second-offense habitual offender to 10 to 40 years of imprisonment. The defendant appealed.

The Court of Appeals *held*:

1. The admission pursuant to MCL 768.27a of evidence indicating that the defendant had previously been convicted of the same offense at a time well before MCL 768.27a was effective did not violate the Ex Post Facto Clause of the federal constitution. That clause is not violated where, as here, the altered standard for admission of evidence does not lower the quantum of proof or the value of the evidence needed to convict a defendant.

2. The 10-year minimum sentence satisfied the requirements of the sentencing guidelines and is not a departure from the recommended minimum range. MCL 520.520f provides for a mandatory minimum term of at least five years. MCL 769.34(2)(a) requires the imposition of a statutory minimum term and provides that imposing such mandatory minimum sentence is not a departure. MCL 769.34(2)(b) provides that the minimum sentence shall not exceed $2/3$ of the maximum sentence, which in this case is life imprisonment, MCL 750.520b(2). The 10-year minimum sentence in this case is at least five years and is less than $2/3$ of the maximum sentence.

Affirmed.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Douglas Fisher*, Prosecuting Attorney, and *Mark G. Sands*, Assistant Attorney General, for the people.

*Bennett Law Office* (by *P. E. Bennett*) for the defendant.

Before: Davis, P.J., and Murray and Beckering, JJ.

Per Curiam. Defendant was convicted by a jury of first-degree criminal sexual conduct, MCL 750.520b(1)(a), and was sentenced as a second-offense habitual offender, MCL 769.10, to 10 to 40 years' imprisonment. He appeals as of right. We affirm. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

At trial, a detective read into evidence from an official court document that stated that defendant was previously sentenced for second-degree criminal sexual conduct. Part of the evidence relating to the prior crime indicated that defendant had engaged in sexual contact with a person under the age of 13. That prior conviction occurred in October 1987, nineteen years before this trial. Defendant objected to the entry of the prior-conduct evidence.

Defendant argues on appeal that the prior-conduct evidence should not have been admitted under a new Michigan statute, MCL 768.27a, because the Legislature was not authorized to enact such a statute and because it violated the Ex Post Facto Clause of the United States Constitution. Defendant's arguments on these issues must fail in light of two recent decisions from our Court, *People v Pattison*, 276 Mich App 613; 741 NW2d 558 (2007), and *People v Watkins*, 277 Mich App 358; 745 NW2d 149 (2007), lv gtd 480 Mich 1167 (2008).

An issue dealing with the admission of evidence is reviewed de novo when it involves a preliminary question of law, such as whether a statute or rule precludes the admissibility of evidence. *Pattison, supra* at 615.

MCL 768.27a(1) provides that "in a criminal case in which the defendant is accused of committing a listed

offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." This statute was effective on January 1, 2006, and allows evidence to be admitted that previously may have been inadmissible under MRE 404(b). *Pattison, supra* at 619.

MRE 404(b)(1) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

On the basis of constitutional provisions relating to the separation of powers, "[o]ur Supreme Court has exclusive rulemaking authority with respect to matters of practice and procedure for the administration of our state's courts." *Watkins, supra* at 363. The Legislature may not enact a statute that is purely procedural and relates only to the administration of judicial functions. *Pattison, supra* at 619. The Legislature's enactment of MCL 768.27a does not violate the separation of powers because it is a substantive rule of evidence and "does not principally regulate the operation or administration of the courts." *Pattison, supra* at 619; *Watkins, supra* at 365.

A violation of the Ex Post Facto Clause of the constitution occurs when a law "alters the legal rules of evidence, and receives less, or different, testimony than the law required at the time of the commission of the offence in order to convict the offender." *Pattison, supra* at 618, citing *Calder v Bull,* 3 US (3 Dall) 386, 390; 1 L Ed 648

(1798). MCL 768.27a does not violate the Ex Post Facto Clause because the altered standard for admission of evidence does "not lower the quantum of proof or value of the evidence needed to convict a defendant." *Pattison, supra* at 619. While evidence may now be allowed that previously would have been inadmissible under MRE 404(b), the standard for obtaining a conviction has not changed. *Id.*

Defendant also argues that the minimum sentence imposed was too high in light of the language of the second-offense statute and in light of his poor health.

An issue of statutory interpretation is reviewed de novo. *People v Babcock*, 469 Mich 247, 253; 666 NW2d 231 (2003).

> Our primary task in construing a statute is to discern and give effect to the intent of the Legislature. The words contained in a statute provide us with the most reliable evidence of the Legislature's intent. . . . If the wording or language of a statute is unambiguous, the Legislature is deemed to have intended the meaning clearly expressed, and we must enforce the statute as written. [*People v Hill*, 269 Mich App 505, 514-515; 715 NW2d 301 (2006) (citations omitted).]

Michigan's statute concerning a second or subsequent offender under the criminal sexual conduct portion of the code states that "[i]f a person is convicted of a second or subsequent offense under section 520b, 520c, or 520d the sentence imposed under those sections for the second or subsequent offense shall provide for a mandatory minimum sentence of at least 5 years." MCL 750.520f. That provision applies to convictions where the actor was previously convicted of a criminal sexual offense. MCL 750.520f(2).

A Michigan statute concerning the sentencing guidelines states that "[i]f a statute mandates a minimum

sentence for an individual sentenced to the jurisdiction of the department of corrections, the court shall impose sentence in accordance with that statute. Imposing a mandatory minimum sentence is not a departure under this section." MCL 769.34(2)(a).

The plain language of the second-offense statute mandates that the minimum sentence for a second offense is to be at least five years. MCL 750.520f. The unambiguous language does not require exactly five years; rather, it states at least five years. The guidelines statute, which requires a trial court to impose a minimum sentence if one is mandated by statute, also states that the minimum sentence shall not exceed $2/3$ of the statutory maximum sentence. MCL 769.34(2)(b). The statutory maximum allowed in this case is a term of life. MCL 750.520b(2).

Because defendant's 10-year minimum sentence is "at least" five years, it satisfies the requirements of the second-offense statute. Further, the 10-year minimum sentence does not exceed $2/3$ of the statutory maximum life sentence. MCL 769.34(2)(b). The sentence satisfies the requirements of the sentencing guidelines and is not a departure from the recommended minimum range.

Affirmed.