**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:            Justices:
Marilyn Kelly           Michael F. Cavanagh
                        Elizabeth A. Weaver
                        Maura D. Corrigan
                        Robert P. Young, Jr.
                        Stephen J. Markman
                        Diane M. Hathaway

FILED May 11, 2010

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v                                  No. 136956

LARRY EUGENE WILCOX,

      Defendant-Appellant.

BEFORE THE ENTIRE BENCH

KELLY, C.J.

At issue in this case is whether the legislative sentencing guidelines[1] apply to defendant's 10-year minimum sentence imposed under MCL 750.520f, the repeat criminal sexual conduct (CSC) offender statute. In deciding the issue, we must also determine what constitutes the "mandatory minimum" sentence referred to in MCL 750.520f(1), which requires a minimum sentence of "at least 5 years."

Defendant contends that the statute's mandate is simply 5 years, whereas the prosecution contends that the statute mandates any minimum sentence of 5 years or more. If we accept defendant's argument, his 10-year minimum sentence

---

[1] MCL 777.1 *et seq.*

was a departure from the guidelines recommendation and he is entitled to resentencing. The trial court did not provide substantial and compelling reasons justifying a departure.[2] If we agree with the prosecution, defendant's 10-year minimum sentence was not a departure because the Legislature has explicitly stated that a mandatory minimum sentence is not a departure.[3] The Court of Appeals agreed with the prosecution, concluding that "[b]ecause defendant's 10-year minimum sentence is 'at least' five years, it satisfies the requirements of [MCL 750.520f]."[4]

We conclude that the guidelines apply to defendant's sentence and that the "mandatory minimum" sentence in MCL 750.520f(1) is a flat 5-year term. Because the trial court imposed a 10-year minimum sentence that exceeded both the applicable guidelines range and the 5-year mandatory minimum, defendant's sentence was a departure from the guidelines. However, the trial court did not state substantial and compelling reasons justifying a departure, let alone any reasons justifying the particular departure made. Therefore, we reverse the judgment of the Court of Appeals and remand the case for resentencing.

---

[2] *People v Smith*, 482 Mich 292; 754 NW2d 284 (2008). Because the trial court in this case believed that the guidelines were inapplicable, it did not articulate reasons warranting a departure. Thus, it failed to offer substantial and compelling reasons justifying the extent of the particular departure made, as required by *Smith*, 482 Mich at 295.

[3] MCL 769.34(2)(a) states in part that "[i]mposing a mandatory minimum sentence is not a departure under this section."

[4] *People v Wilcox*, 280 Mich App 53, 57; 761 NW2d 466 (2008).

FACTS AND PROCEDURAL HISTORY

Larry Wilcox was charged with first-degree CSC. The felony information notified him that he faced an enhanced sentence under MCL 750.520f as a repeat CSC offender and under MCL 769.10 as a second-offense habitual offender. At trial, the prosecutor introduced two documents into evidence in support of the repeat offender enhancements. They established that defendant had been convicted of second-degree CSC[5] in 1987.

The jury convicted defendant as charged. His sentencing information report calculated the applicable guidelines minimum sentence range as 27 to 56 months. After acknowledging that MCL 750.520f applied, the trial judge imposed a sentence of 10 to 40 years. The judge did not indicate that the 120-month minimum sentence was a departure from the guidelines range and did not provide a substantial and compelling reason for departing.

Defendant appealed as of right. The Court of Appeals affirmed his conviction and sentence in a published opinion. The panel summarily dismissed his argument that the sentence improperly exceeded both the sentencing guidelines range and the 5-year mandatory minimum sentence established by MCL 750.520f(1).[6] The panel further opined that defendant's sentence was not a

---

[5] MCL 750.520c.

[6] *Wilcox*, 280 Mich App at 57.

3

departure from the guidelines, implicitly concluding that the guidelines were inapplicable because defendant had been sentenced under MCL 750.520f.[7]

We granted defendant's application for leave to appeal, limited to the issue whether the sentencing guidelines applied to the sentence and, if so, whether defendant is entitled to resentencing.[8]

## STANDARD OF REVIEW

We review issues of statutory interpretation de novo.[9] Our primary goal is to give effect to the intent of the Legislature.[10] The first step in ascertaining intent is to focus on the language of the statute. If the language is unambiguous, we presume that the Legislature intended the meaning expressed.[11]

---

[7] *Id.* Oddly, just two days earlier, the same panel of the Court of Appeals came to the opposite conclusion in another case and determined that the guidelines did apply to sentences imposed under MCL 750.520f. *People v Walton*, unpublished opinion per curiam of the Court of Appeals, issued June 3, 2008 (Docket No. 276161). In *Walton*, the trial court concluded that the guidelines did not apply to sentences imposed under MCL 750.520f. The panel vacated defendant's sentence and remanded for resentencing based on its conclusion that "the actual offense defendant committed" was first-degree CSC, an enumerated felony to which the guidelines apply. *Walton*, unpub op at 3.

[8] *People v Wilcox*, 483 Mich 1094 (2009).

[9] *Hunter v Hunter*, 484 Mich 247, 257; 771 NW2d 694 (2009).

[10] *Brown v Detroit Mayor*, 478 Mich 589, 593; 734 NW2d 514 (2007).

[11] *Id.*

ANALYSIS

Resolution of the issue in this case depends on how the statutes discussing the application of the sentencing guidelines interact with MCL 750.520f. MCL 769.34(2) describes the offenses to which the sentencing guidelines apply:

> Except as otherwise provided in this subsection or for a departure from the appropriate minimum sentence range provided for under subsection (3), the minimum sentence imposed by a court of this state for a felony enumerated in part 2 of chapter XVII committed on or after January 1, 1999 shall be within the appropriate sentence range under the version of those sentencing guidelines in effect on the date the crime was committed.

Thus, the sentencing guidelines apply to felonies enumerated in part 2 of chapter XVII of the Code of Criminal Procedure, MCL 777.11 through 777.19, committed on or after January 1, 1999, except as otherwise provided in MCL 769.34(2). Defendant was convicted of first-degree CSC,[12] which is a felony enumerated in MCL 777.16y. It is undisputed that he committed the offense after January 1, 1999. Therefore, the sentencing guidelines apply to his sentence absent an exception elsewhere in the statute.

MCL 769.34(2) does provide exceptions to the applicability of the sentencing guidelines. MCL 769.34(2)(a) contains the exception at issue here. It states:

> *If a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections, the court shall impose sentence in accordance with that statute.*

---

[12] MCL 750.520b.

5

*Imposing a mandatory minimum sentence is not a departure under this section.* If a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections and the statute authorizes the sentencing judge to depart from that minimum sentence, imposing a sentence that exceeds the recommended sentence range but is less than the mandatory minimum sentence is not a departure under this section. If the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923, mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections and the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923, authorizes the sentencing judge to impose a sentence that is less than that minimum sentence, imposing a sentence that exceeds the recommended sentence range but is less than the mandatory minimum sentence is not a departure under this section. [Emphasis added.]

The parties do not dispute that MCL 750.520f provides for a mandatory minimum sentence, putting it within the purview of MCL 769.34(2)(a). MCL 750.520f(1) provides:

If a person is convicted of a second or subsequent offense under [MCL 750.520b, 750.520c, or 750.520d], the sentence imposed under those sections for the second or subsequent offense *shall provide for a mandatory minimum sentence of at least 5 years.* [Emphasis added.]

The dispositive question is whether the mandatory minimum sentence established by MCL 750.520f(1) is "at least 5 years" or simply a flat 5-year minimum sentence. Defendant contends that the 5-year minimum is the only sentence that is mandatory and that any sentence above 5 years is permissive. Therefore, defendant argues, any minimum sentence exceeding 5 years is permissible rather than mandated; as a consequence, it is governed by the guidelines. Defendant states that, if the minimum sentence exceeds the range set by the guidelines, it must be justified by substantial and compelling reasons.

6

Because his 10-year minimum sentence exceeded both the 5-year mandatory minimum and the applicable guidelines range, defendant argues that his sentence constituted a departure.

The prosecution counters that the words "at least" indicate a legislative intent that any minimum sentence imposed under MCL 750.520f may exceed 5 years, regardless of the guidelines range. Therefore, the prosecution argues, any minimum sentence imposed on a repeat CSC offender under MCL 750.520f is limited only by the "two-thirds rule" contained in MCL 769.34(2)(b).[13] Because defendant's 10-year minimum is "at least 5 years" and does not exceed two-thirds of the maximum sentence imposed (40 years), the prosecution concludes that the sentence complied with MCL 769.34(2)(a) and (b).

We reject the prosecution's argument. The use of the words "at least" in MCL 750.520f(1) does not grant trial courts the discretion to impose minimum sentences that are subject only to the limitation of the two-thirds rule. Such an interpretation is inconsistent with MCL 769.34(2)(a). Also, it is contrary to a central purpose of the sentencing guidelines—greater uniformity in sentencing.[14]

---

[13] MCL 769.34(2)(b) provides that "[t]he court shall not impose a minimum sentence, including a departure, that exceeds 2/3 of the statutory maximum sentence."

[14] *Smith*, 482 Mich at 312 & n 46. The dissent seizes on this sentence and argues as though our decision hinges solely on it. *Post* at 6-7. The dissent apparently believes that referring to the purpose underlying the enactment of the sentencing guidelines somehow evidences that we are deviating from the language of the statute. We do not view this reference as a remarkable one, as it is one we

7

The first sentence of MCL 769.34(2)(a) provides that, if a statute mandates a minimum sentence, "the court shall impose sentence in accordance with that statute." The next sentence states that imposing a mandatory minimum sentence is not a departure from the sentencing guidelines. The difference in the language of the two sentences is of critical importance. The first states that, when a statute like MCL 750.520f provides for a mandatory minimum sentence, the court must impose a sentence "in accordance with" the statute. This wording provides for a sentence that merely conforms with, but is not necessarily compelled by, the statute at issue.[15] Because it is "at least 5 years," defendant's 10-year minimum sentence is unquestionably in accordance with MCL 750.520f.

By contrast, the second sentence of MCL 769.34(2)(a) lacks the broad wording "in accordance with" that is present in the first sentence. It provides only that "[i]mposing a mandatory minimum sentence is not a departure" from the sentencing guidelines. This linguistic distinction is critical because, given the statute's language, only the mandatory minimum sentence is not a departure from the guidelines. Notably, the statute does not specify that a sentence imposed "in

---

have made before, including in *Smith*, an opinion that the author of the dissent signed. Moreover, the dissent entirely ignores our discussion of the statutory language on pp 8-10 of this opinion.

[15] A lay dictionary's definitions of "accordance" include "agreement; conformity: *in accordance with the rules*." *Random House Webster's College Dictionary* (2001).

accordance with" a statute providing a mandatory minimum sentence is "not a departure."

Therefore, the proper interpretation of these statutes hinges on the extent to which MCL 750.520f(1) is "mandatory," so that a sentence compelled by it is not a departure under MCL 769.34(2)(a). One definition of "mandatory" is "authoritatively ordered; obligatory."[16] "Mandatory" and, in particular, "mandatory minimum" are also legal terms of art. As such, reference to a legal dictionary is appropriate.[17] Black's Law Dictionary defines "mandatory" as "[o]f, relating to, or constituting a command; required; preemptory."[18] Although Black's contains no definition for "mandatory minimum," it defines "mandatory sentence" as "[a] sentence set by law with no discretion for the judge to individualize punishment."[19]

Applying these definitions to MCL 750.520f(1), we must conclude that the only minimum that is "mandatory" in the statute is 5 years. Five years is the only minimum sentence in MCL 750.520f(1) that is "set by law with no discretion for the judge to individualize punishment."[20] By contrast, the words "at least" are

---

[16] *Id.*

[17] MCL 8.3a; *People v Jones*, 467 Mich 301, 304; 651 NW2d 906 (2002).

[18] Black's Law Dictionary (8th ed), p 981.

[19] *Id.* at 1394.

[20] The dissent is correct that "5 years is the *starting point* of the minimum sentence, *not* its upper terminus." *Post* at 4. But the dissent fails to acknowledge

permissive. They authorize a higher minimum sentence, such as the 10-year minimum imposed here, but nothing in the statute mandates that the minimum sentence exceed 5 years. Although MCL 750.520f(1) authorizes a minimum sentence in excess of 5 years, it does not mandate it.[21]

The prosecution argues that this interpretation of the statute renders nugatory the words "at least."[22] We disagree. The use of "at least" in MCL 750.520f(1) authorizes courts to impose minimum sentences of 5 years or more. However, because only 5 years is mandatory, MCL 769.34(2)(a) exempts only a 5-year minimum sentence from the departure provision in MCL 769.34(3). Hence, if a minimum sentence under MCL 750.520f(1) exceeds 5 years and is higher than the top of the applicable guidelines range, it constitutes a departure. The judge must articulate substantial and compelling reasons for it.

_____

that this 5-year "starting point" is the only truly mandatory aspect of MCL 750.520(f)(1). The "upper terminus" of a defendant's minimum sentence is controlled by the top of the applicable guidelines range, unless the trial court articulates substantial and compelling reasons for an upward departure.

[21] For example, in the case at bar, the guidelines range topped out at 56 months, but MCL 750.520f(1) required the court to impose a minimum sentence of 5 years. If a 5-year minimum sentence had been imposed, it would not have been considered a departure sentence pursuant to MCL 769.34(2)(a), even though it exceeded the guidelines range by 4 months.

[22] "Every word of a statute should be given meaning and no word should be treated as surplusage or rendered nugatory if at all possible." *Baker v Gen Motors Corp*, 409 Mich 639, 665; 297 NW2d 387 (1980), citing *Stowers v Wolodzko*, 386 Mich 119, 133; 191 NW2d 355 (1971), and *Scott v Budd Co*, 380 Mich 29, 37; 155 NW2d 161 (1968).

The language "at least" in MCL 750.520f(1) is not in the least rendered nugatory under this analysis. In fact, it comes into play often. Any offender convicted of a repeat CSC offense whose guidelines range exceeds 5 years may properly receive a minimum sentence of "at least 5 years." For example, a repeat CSC offender whose guidelines range is 180 to 240 months may properly receive a 200-month minimum sentence. Such a sentence would be permissible because it meets the mandatory provision of MCL 750.520f(1) in that it is not less than 5 years. The additional 140 months in excess of 5 years also complies with MCL 769.34(2) because the sentence is within the applicable guidelines range.[23]

Moreover, to accept the prosecution's interpretation would undermine the legislative intent behind the sentencing guidelines statutes and potentially lead to arbitrary sentencing. Allowing trial courts to ignore the guidelines when imposing a sentence under MCL 750.520f could lead to similarly situated defendants receiving wholly disparate sentences.

For example, under the prosecution's interpretation, a repeat CSC offender like defendant, whose guidelines range contemplates a relatively low minimum sentence, could nevertheless receive a 60- to 90-year sentence.[24] Such a harsh minimum sentence would not require that the trial court give substantial and

---

[23] Indeed, if the guidelines range were 180 to 240 months and the trial court imposed a minimum sentence of 120 months, that minimum sentence would constitute a downward departure.

[24] The dissent does not address this anomaly.

11

compelling reasons justifying the disparity between the guidelines range and the actual minimum sentence imposed.

By contrast, a recidivist offender subject to a guidelines range that far exceeds the 5-year mandatory minimum could receive a sentence far below the guidelines range. The trial court could impose the 5-year minimum without being required to provide a justification for the downward departure.[25] However, the

_____

[25] The dissent's contention that our opinion creates "a new, but unexplained, statutory scheme for mandatory minimum sentences" is mistaken. *Post* at 7. A 5-year minimum sentence for a defendant with a guidelines range of 7 to 10 years would indeed constitute a downward departure under MCL 769.34(2)(a). When the lower end of the guidelines range is 5 years or greater, a trial court that imposes a sentence of 5 years or more is no longer imposing a "mandatory" minimum. Rather, the court is merely imposing a sentence, as required by MCL 769.34(2)(a), that is "in accordance with" MCL 750.520f(1).

By contrast, the 5-year minimum is "mandatory" when the guidelines range tops out below 5 years. In those circumstances, a 5-year sentence is truly the mandatory minimum sentence, so it is not a departure. It is hardly inconsistent to conclude that a 5-year sentence is no longer mandatory when a defendant's guidelines range expressly contemplates a higher minimum sentence.

The dissent cites several criminal statutes that provide for indeterminate mandatory minimum sentences, using language such as "not less than [X] years." See *post* at 4 n 9. It then argues that "the majority reads out of our law books the indeterminate nature of these mandatory minimum sentences and replaces those sentences with absolute minimum terms that the Legislature did not enact." *Post* at 4-6. This is incorrect. Under the majority opinion, a judge remains free to impose any minimum sentence that is consistent with the guidelines range, subject to the two-thirds rule. Our opinion simply makes clear that, where a judge imposes a minimum sentence in excess of the lowest permissible minimum sentence, it must be consistent with the guidelines. Hence, if the guidelines range tops out below the minimum sentence the court wishes to impose, the judge needs to provide substantial and compelling reasons for exceeding the guidelines. Our opinion does not "read[] out of our law books" the indeterminate nature of mandatory minimum statutes by replacing them with absolute minimum terms.

12

defendant in question could be subject to a guidelines range contemplating, for example, at least a 20-year minimum term. Given the Legislature's stated goal in enacting the guidelines of promoting uniformity in sentencing, we believe that this is not a result that the Legislature contemplated.

Defendant's applicable guidelines minimum sentence range was 27 to 56 months. Under MCL 750.520f(1), the trial court was required to impose a minimum sentence of "at least 5 years." However, because 5 years is the only truly minimum sentence that is mandatory under MCL 750.520f(1), any minimum sentence exceeding 5 years must fall within the applicable guidelines range. Otherwise, the sentence would not be "a mandatory minimum sentence." It would constitute a departure from the sentencing guidelines, and the court would have to articulate substantial and compelling reasons for the extent of its departure.

The trial court's 10-year minimum sentence in this case constituted an upward departure from the sentencing guidelines. The court did not articulate

---

By way of illustration, if a statute provides that the minimum sentence shall be "at least two years," the trial court can impose a minimum sentence higher than two years. But if it wants to provide a minimum sentence higher than the top of the guidelines range, it must articulate substantial and compelling reasons for it. If the guidelines range is 12 to 24 months for a crime requiring a two-year minimum sentence and if the court wants to impose a three-year minimum sentence, it may do so. But it must provide substantial and compelling reasons for the upward departure. Concomitantly, if the guidelines range is 36 to 48 months and the court wishes to impose a two-year minimum sentence, it must provide substantial and compelling reasons for imposing a downward departure. Contrary to the dissent, requiring compliance with the articulation requirements of the guidelines does not replace an indeterminate minimum sentence with an absolute minimum sentence.

substantial and compelling reasons for the extent of its departure. Accordingly, defendant is entitled to resentencing.

CONCLUSION

We hold that the legislative sentencing guidelines apply to minimum sentences in excess of 5 years that are imposed under MCL 750.520f. We further hold that, for purposes of applying MCL 769.34(2)(a), the "mandatory minimum" sentence referred to in MCL 750.520f(1) is a flat 5-year term.

Here, the trial court imposed a 10-year minimum sentence that exceeded both the applicable guidelines minimum sentence range and the 5-year mandatory minimum. Therefore, defendant's sentence was a departure from the guidelines. Because the trial court did not state substantial and compelling reasons justifying its departure pursuant to *Smith*, we reverse the judgment of the Court of Appeals and remand the case for resentencing.

Marilyn Kelly
Michael F. Cavanagh
Stephen J. Markman
Diane M. Hathaway

14

S T A T E   O F   M I C H I G A N

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v                                       No. 136956

LARRY EUGENE WILCOX,

       Defendant-Appellant.

_____

WEAVER, J. (*dissenting*).

I dissent and would affirm the judgment of the Court of Appeals for the reasons stated in Justice YOUNG's dissent with the exception of his citation in footnote 4 of *People v Smith*, 482 Mich 292; 754 NW2d 284 (2008), a case in which I dissented.

                                             Elizabeth A. Weaver

# STATE OF MICHIGAN

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

       No. 136956

LARRY EUGENE WILCOX,

       Defendant-Appellant.

_____

YOUNG, J. (*dissenting*).

I dissent from the majority's conclusion that the 10-year minimum sentence, imposed by the sentencing court pursuant to the repeat criminal sexual conduct (CSC) offender mandatory minimum sentence requirement,[1] represents a departure from the legislative sentencing guidelines.[2]  Instead, I would affirm the judgment of the Court of Appeals.  The sentence imposed here is excepted from the statutory guidelines and thus the sentencing court is not required to state "substantial and compelling reasons" for the minimum sentence imposed, as the majority now requires.

---

[1] MCL 750.520f(1).

[2] MCL 777.1 *et seq.*

Defendant was convicted of first-degree CSC for digitally penetrating the vagina of his daughter. Because he previously was convicted of second-degree CSC, he was sentenced as a repeat CSC offender to a minimum of 10 years in prison.[3] On appeal, defendant argued that his 10-year minimum sentence represented an upward departure from the legislative sentencing guidelines and that the sentencing court failed to articulate substantial and compelling reasons to justify the upward departure.[4] The prosecution claimed that defendant's minimum sentence did not constitute a departure because it complied with the repeat CSC offender mandatory minimum sentence requirement, and the Court of Appeals agreed.

MCL 769.34(2)(a) places mandatory minimum sentences within the framework of the legislative sentencing guidelines and provides, in relevant part:

> If a statute mandates a minimum sentence for an individual sentenced to the jurisdiction of the department of corrections, the court shall impose sentence in accordance with *that statute*. Imposing a mandatory minimum sentence is not a departure under this section.[5]

Thus, the statutory guidelines defer to another statute that specifies a mandatory minimum sentence. "That statute" in this case is MCL 750.520f(1). It creates just such a mandatory minimum sentence for recidivist sex offenders:

---

[3] Defendant's maximum sentence of 40 years is not at issue in this case.

[4] See *People v Smith*, 482 Mich 292; 754 NW2d 284 (2008). Defendant's minimum sentence guidelines range was calculated at 27 to 56 months.

[5] Emphasis added.

> If a person is convicted of a second or subsequent offense under [MCL 750.520b, 750.520c, or 750.520d], the sentence imposed under those sections for the second or subsequent offense shall provide for a mandatory minimum sentence of *at least* 5 years.[6]

Here, defendant's 10-year minimum sentence was "in accordance with" the mandatory minimum sentence of "at least 5 years." Moreover, as the sentencing court imposed "a mandatory minimum sentence"—a sentence of "at least 5 years"—that sentence was not a departure from the guidelines and the court was not required to justify the minimum sentence imposed. Therefore, the sentence imposed by the sentencing court satisfies both MCL 769.34(2)(a) and MCL 750.520f(1), as applied here in conformance with their clear and unambiguous meanings. Yet the majority disagrees; the question is why?

## I. THE MAJORITY FAILS TO CONSTRUE THE STATUTE IN ACCORDANCE WITH ITS PLAIN LANGUAGE

The majority claims that the mandatory minimum sentence articulated in MCL 750.520f(1) is "5 years," not "at least 5 years," as the statute plainly reads. Such a conclusion is obviously wholly inconsistent with the plain meaning of MCL 750.520f(1), as evidenced by its grammatical structure, which describes the mandatory minimum sentence required under that provision as "*at least* 5 years." The Legislature could have created an *absolute* "mandatory minimum" sentence of

---

[6] MCL 750.520f(1) (emphasis added).

3

5 years, but it did not.[7]  Instead, by using the phrase "at least" to modify "5 years,"

the Legislature created an indeterminate "mandatory minimum" sentence for

recidivist sex offenders.  Under the mandatory minimum sentence, 5 years is the

*starting point* of the minimum sentence, *not* its upper terminus.  Accordingly, a

sentencing court must impose a sentence within the indeterminate mandatory

minimum sentence of MCL 750.520f(1)—namely, any minimum sentence of 5

years or more—and that sentence "is not a departure"[8] from the legislative

sentencing guidelines.

The majority's misinterpretation will not be limited to the statute now

before us.  In numerous statutes, some covering our most serious crimes, the

Legislature has chosen to create an *indeterminate*, rather than an absolute,

mandatory minimum sentence.[9]  Under today's decision, the majority reads out of

---

[7] For example, MCL 750.227b(1) sets an absolute mandatory term of 2 years' imprisonment for a first offense of possessing a firearm during the commission of a felony.  Various statutes similarly provide an absolute mandatory term of life imprisonment: MCL 333.7413(1) (subsequent violations of certain serious controlled substance offenses); MCL 750.316(1) (first-degree murder); MCL 750.543f(2) (terrorism causing death); MCL 750.544 (treason).

[8] MCL 769.34(2)(a).

[9] See, e.g., MCL 333.7410(2) (providing a sentence of "not less than 2 years or more than 3 times that authorized by [MCL 333.7401(2)(a)(*iv*)]" for delivery of a controlled substance within 1,000 feet of a school or library); MCL 333.7410(3) (providing a sentence of "not less than 2 years or more than twice that authorized by [MCL 333.7401(2)(a)(*iv*)]" for possessing with intent to deliver a controlled substance within 1,000 feet of a school or library); MCL 333.7413(3) (providing a sentence of "not less than 5 years nor more than twice that authorized under [MCL 333.7410(2)] or (3)" for a subsequent offense of delivering or

4

possessing with intent to deliver a controlled substance within 1,000 feet of a school or library); MCL 750.112 (providing a sentence of "not less than 15 years nor more than 30 years" for committing burglary with explosives); MCL 750.520b(2)(b) (providing a sentence of "life or any term of years, but not less than 25 years" for first-degree CSC committed by an individual 17 years of age or older against a victim under the age of 13); MCL 750.529 (providing a sentence of "life or for any term of years" but "not less than 2 years" for armed robbery involving "an aggravated assault or serious injury"); see also MCL 257.257(2) and (3) (providing sentences for subsequent offenses of altering or forging documents from the Secretary of State of "not less than 2 years or more than 7 years" and "not less than 5 years or more than 15 years" respectively); MCL 257.329(2) and (3) (providing sentences for subsequent offenses of possessing or selling false certificates of insurance of "not less than 2 years or more than 7 years" and "not less than 5 years or more than 15 years" respectively); MCL 257.625(7)(a)(*i*)(A) and (*ii*)(A) (providing sentences for various driving-while-intoxicated offenses of "not less than 5 days or more than 1 year" and subsequent offenses of "not less than 1 year or more than 5 years"); MCL 257.625k(7) and (9) (providing sentences of "not less than 5 years or more than 10 years" for a laboratory or manufacturer that falsely certifies an ignition interlock device); MCL 257.625m(5)(a) (providing a sentence of "not less 1 year or more than 5 years" for a subsequent offense of driving a commercial vehicle with a bodily alcohol content of 0.04 grams or more but less than 0.08 grams per specified volume of blood, breath, or urine); MCL 257.903(2) and (3) (providing sentences of "not less than 2 years or more than 7 years" and "not less than 5 years or more than 15 years" respectively for subsequent offenses of making false certifications on an application for various licenses through the Secretary of State); MCL 333.13738(3) (providing a sentence of "not less than 5 years and not more than 20 years" for illegally disposing of toxic waste in a manner that constitutes "an extreme indifference for human life"); MCL 750.161(1) (providing a sentence of "not less than 1 year and not more than 3 years" for deserting or abandoning one's spouse or children); MCL 750.210a(b) (providing a sentence of "not less than 2 nor more than 5 years" for possessing or selling products containing "valerium" without a license or prescription); MCL 750.361 (providing a sentence of "not less than 1 year nor more than 2 years" for stealing "journal bearings" from a railroad car); MCL 750.458 (providing a sentence of "not less than 2 years nor more than 20 years" for detaining a woman in a house of prostitution to effectuate repayment of a debt).

5

our law books the indeterminate nature of these mandatory minimum sentences and replaces those sentences with absolute minimum terms that the Legislature did not enact.

The majority apparently eschews the clear language of MCL 750.520f(1) because it concludes that the 10-year minimum sentence imposed here would be "contrary to a central purpose of the sentencing guidelines—greater uniformity in sentencing."[10] This rationale will not scour when one considers that the obligation of the judiciary is to apply legislative policies according to the unambiguous words used by the Legislature in the statutes enacted, not according to abstract policy considerations only judges can divine.[11] Whatever the broader policy of the

---

[10] *Ante* at 7.

[11] As the author of the majority opinion has stated:

> The first step in statutory interpretation is to give effect to the intent of the Legislature. To do so, we examine first the specific language of the statute. If the language is clear and unambiguous, we assume that the Legislature intended its plain meaning, and we will enforce the statute as written. This Court should reject an interpretation of a statute that speculates about legislative intent and requires us to add language into the statute. [*People v Carpenter*, 464 Mich 223, 250; 627 NW2d 276 (2001) (KELLY, J., dissenting) (citations omitted).]

See also *Omne Fin, Inc v Shacks, Inc*, 460 Mich 305, 312; 596 NW2d 591 (1999) (KELLY, J.) ("[W]e need not, and consequently will not, speculate regarding legislative intent beyond the plain words expressed in the statute."); *Dorris v Detroit Osteopathic Hosp Corp*, 460 Mich 26, 53; 594 NW2d 455 (1999) (KELLY, J., concurring in part and dissenting in part) (criticizing the majority for elevating the "purpose of the statute" over the "plain language of the statute"); *Rogers v Detroit*, 457 Mich 125, 140; 579 NW2d 840 (1998) (KELLY, J.) ("Here, the statutory meaning is clear on its face. Therefore, the role of the judiciary is not to

6

legislative sentencing guidelines, the Legislature directed that a minimum sentence of "*at least* 5 years" satisfies the particular statute at issue here, MCL 750.520f(1), and that is the policy we must apply.[12]

## II.  THE MAJORITY'S MISCONSTRUCTION CREATES AN INCONSISTENCY

Despite the obvious and clear language of MCL 750.520f(1), the majority has inexplicably created its own alternative statute.  The majority has similarly deviated from the obvious and clear language of MCL 769.34(2)(a) and created a new, but unexplained, statutory scheme for mandatory minimum sentences.

The majority determines that an absolute term of 5 years is the "mandatory minimum" for a recidivist sex offender under MCL 750.520f(1).  However, the majority also claims that a sentencing court *departs* from the guidelines when it sentences a defendant to a 5-year minimum term if the lower limit of the

---

articulate its view of 'policy,' but to apply the statute in accord with its plain language."), overruled by *Robinson v Detroit*, 462 Mich 439; 613 NW2d 307 (2000).

[12] If the Legislature has a general goal of promoting "uniformity in sentencing" under the sentencing guidelines statute, it is still free to create exceptions to that goal, as I believe it has clearly done here by referring to another statute that provides a mandatory but indeterminate minimum sentencing range for particular crimes. If applying the plain language of the recidivist sex offender statute leads to anomalous results as contended by the majority, see *ante* at 11-13 & n 24, it is solely the province of the Legislature to remedy—assuming, contrary to the language it used, that the Legislature believed a sentence of *at least 5 years* was too high a minimum sentence for a serial sex offender.

7

defendant's guidelines range is calculated at more than 5 years.[13] This is entirely contrary to MCL 769.34(2)(a), which expressly states that "[i]mposing a mandatory minimum sentence *is not a departure under this section*."[14] Now the majority compels the sentencing court to justify as a departure a minimum sentence that is excepted from the statutory sentencing guidelines in the first instance.

The problem with the majority's analysis is this: MCL 769.34(2)(a) specifically provides that the guidelines are *not* controlling here; rather, the guidelines defer to another statute that includes a mandatory minimum sentence. Yet the majority insists on reverting to the guidelines despite the Legislature's clear directive to the contrary and declines to provide any statutory support for this decision.[15]

Imposing a 10-year minimum sentence for a recidivist sex offender is not a departure from the legislative sentencing guidelines because it is a "mandatory

---

[13] *Ante* at 12 n 25. For example, under the majority's misconstruction of MCL 769.34(2)(a), if a defendant's guidelines range were calculated at 7 to 10 years, a sentencing court is precluded from imposing a sentence "in accordance with" the *mandatory* minimum sentence provided in MCL 750.520f(1), without stating reasons for its sentencing "departure." If, however, a defendant's guidelines range were calculated at 2 to 4 years, the majority (correctly) asserts that a sentencing court's imposition of a 5-year minimum sentence, pursuant to MCL 750.520f(1), is not a departure.

[14] Emphasis added.

[15] See *ante* at 12 n 25.

8

minimum sentence"[16] of "at least 5 years" as provided in MCL 750.520f(1). Accordingly, I dissent and would instead affirm the judgment of the Court of Appeals.

Robert P. Young, Jr.
Maura D. Corrigan

---

[16] MCL 769.34(2)(a).