*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
April 27, 2023

v

No. 359173
Macomb Circuit Court
LC No. 2020-001544-FC

MATTHEW MICHAEL VANCE,

Defendant-Appellant.

Before: CAMERON, P.J., and JANSEN and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of first-degree criminal sexual conduct (CSC-I) (victim under 13 and defendant over 17), MCL 750.520b(2)(b), second-degree criminal sexual conduct (CSC-II) (victim under 13 and defendant over 17), MCL 750.529c(2)(b), and indecent exposure, MCL 750.335a. Defendant was sentenced to 30 to 50 years' imprisonment for the two CSC-I convictions, 108 to 180 months' imprisonment for the CSC-II conviction, and 365 days for the indecent exposure conviction. For the reasons set forth in this opinion, we affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

Defendant was convicted of sexually assaulting AA, the daughter of his ex-girlfriend, Theresa Edwards. At trial, AA testified she was four or five years old when defendant started touching her. AA testified that defendant vaginally penetrated her with his fingers, vaginally penetrated her with penis on two occasions, touched her vagina, told her to remove her clothes on multiple occasions, exposed himself to her, and asked her to perform sexual acts like touching his buttocks, massaging his penis, and sucking or licking his penis, most of which AA complied with because she was afraid of defendant. Defendant told AA not to tell Edwards, and AA listened because of her fear of defendant and anxiety of Edwards being upset AA did not tell her sooner. Though there were no eyewitnesses, multiple witnesses at trial corroborated AA's credibility by confirming pieces of her testimony.

-1-

Edwards testified defendant told her he did not remember doing any of the things to AA she claimed he did. However, defendant admitted he was in a dark place during that timeframe and did not always remember what he did because of drug influence.

During trial, the prosecution admitted text messages between defendant and his ex-girlfriend, Megan Gray. Gray testified that, in the text messages, defendant asked to see Gray's daughters masturbate. Defendant also said he wanted to observe what a little girl having an orgasm looked like because he was curious and it turned him on. Defendant stated that he liked naked people of all ages, and that his dream was to have a house full of "naked chicks way out in the middle of nowhere." Gray responded by saying that defendant was grossing her out and making her think that kids turned him on. In response, defendant said he was kidding, and just wanted to see Gray's reaction. However, defendant followed that statement by saying he would let the girls run around the house naked and take pictures, and that he wanted a nudist family. Gray admitted that, just prior to the above text messages, she had been talking to defendant on the phone about "kinky stuff."

Defense counsel objected at trial to the admission of these text messages because they were not complete under MRE 106, and were hearsay. The trial court admitted them, reasoning that the prosecution did not have to admit the full conversation under MRE 106, and the text messages were not hearsay because they were admissions by a party opponent.

During closing arguments, while referring to defendant's text messages with Gray, the prosecution stated, "[defendant's] own words are admissions that he has a sexual interest in children." The jury found defendant guilty on all counts and defendant was sentenced as stated above. This appeal followed.

## II. ANALYSIS

On appeal, defendant argues he is entitled to a retrial because improper, highly prejudicial text messages were erroneously admitted into evidence and then used as a basis for the prosecution's improper propensity arguments.

"We review for an abuse of discretion a trial court's decision to admit or exclude evidence. Where the admission of evidence involves a preliminary question of law, we review that question de novo." *People v Mann*, 288 Mich App 114, 117; 792 NW2d 53 (2010). Generally, "[a] trial court's decision to admit evidence will not be disturbed absent an abuse of discretion." *People v Denson*, 500 Mich 385, 396; 902 NW2d 306 (2017). If a reviewing court determines evidence was admitted in error over a defendant's objection, such "error" 'is presumed not to be a ground for reversal unless it affirmatively appears that, more probably than not, it was outcome determinative—i.e., that it undermined the reliability of the verdict.' " *Id.*, quoting *People v Douglas*, 496 Mich 557, 565-566; 852 NW2d 587 (2014). "This inquiry 'focuses on the nature of the error and assesses its effect in light of the weight and strength of the untainted evidence' " *Id.* quoting *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999) (quotation marks and citation omitted). "In other words, the effect of the error is evaluated by assessing it in the context of the untainted evidence to determine whether it is more probable than not that a different outcome would have resulted without the error." *Id.* at 396-397.

On appeal, defendant argues that the trial court erred by admitting the text messages between himself and Gray under MCL 768.27a. Though the trial court ruled that the text messages were admissible under MCL 768.27a at the hearing on the prosecution's motion to admit prior bad acts, at trial, these text messages were admitted as admissions by a party opponent at trial, not as evidence of prior bad acts under MCL 768.27a. Therefore, defendant's argument that the text messages between himself and Gray did not fall under MCL 768.27a is misplaced because defendant objected to them as hearsay at trial, and the trial court admitted them as admissions by a party opponent, not as evidence of prior bad acts under MCL 768.27a.

To the extent such a conclusion is relevant to this appeal, defendant is correct that the text messages were not admissible under MCL 768.27a. MCL 768.27a allows the admission of evidence that a defendant, charged with a listed offense, committed another listed offense against a minor in certain situations. However, the text messages between defendant and Gray did not evidence defendant's commission of a listed offense against a minor. They merely revealed defendant's desire to watch Gray's daughters masturbate—they did not evidence any wrongdoing. Therefore, defendant was correct that these text messages do not fall within MCL 768.27a. However, trial court admitted the text messages as admissions of a party opponent under MRE 801(d)(2)(A). The issue then becomes whether the trial court abused its discretion in admitting the text messages under MRE 801(d)(2)(A).

 "The statement of a party-opponent offered against that party at trial is not hearsay," pursuant to MRE 801(d)(2)(A). *People v Smith*, 336 Mich App 79, 110; 969 NW2d 548 (2021). Defendant's statements fall squarely within MRE 801(d)(2)(A), and are admissible as nonhearsay statements by a party opponent. *Id*. Contrary to defendant's arguments on appeal, whether the texts constituted admissions by a party opponent was addressed at trial, and the trial court ruled that they were admissible as such. Therefore, this is not a new argument raised for the first time on appeal.

Additionally, and by analogy, though MRE 404(b)(1) forbids the admission of "evidence of other crimes, wrongs, acts . . . to prove the character of a person in order to show action in conformity therewith" a defendant's statement of general intent is not a prior act for purposes of MRE 404(b). *People v Goddard*, 429 Mich 505, 514-515; 418 NW2d 881 (1988). Instead, it is a statement of a party-opponent under MRE 801(d)(2), unless the prior statement constitutes evidence of an actual prior act. See *People v Rosen*, 136 Mich App 745, 751-755; 358 NW2d 584 (1984). If the statement is one of a party-opponent, the appropriate analysis is whether defendant's prior statement is relevant, and if so, whether its probative value outweighs its potential prejudicial effect. *Id.* at 518. Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the action more or less probable than it would be without the evidence. MRE 401. Relevant evidence may be excluded under MRE 403 "if its probative value is substantially outweighed by the danger of unfair prejudice." MRE 403. Unfair prejudice exists where there is a "danger that marginally probative evidence will be given undue or pre-emptive weight by the jury." *People v Mills*, 450 Mich 61, 75-76; 537 NW2d 909 (1995), mod 450 Mich 1212, 539 NW2d 504 (1995).

Here, the text messages reveal that defendant admitted that he was interested in watching two little girls masturbate and was "turned on" by the idea. He also texted that he liked young girls walking around his home naked. However, admissions by party opponents are still subject

to the rule of relevance and protection against unfair prejudice. First, these statements must have been relevant. MRE 402. Relevant evidence is evidence that has any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. In the text messages to Gray, defendant's admissions made it more probable that defendant would seek sexual gratification from inappropriate interactions with AA because they evidenced defendant's sexual desire for and attraction to underaged females. Therefore, the text messages were relevant.

Second, the admission of these text messages was also subject to MRE 403, which provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Of these, the only potential reason to exclude the text messages under MRE 403 would be to prevent unfair prejudice. While these statements were prejudicial, they were not unfairly so. All evidence offered by the parties is "prejudicial" to some extent, but the fear of prejudice does not generally render the evidence inadmissible. It is only when the probative value is *substantially outweighed* by the danger of unfair prejudice that evidence is excluded. *Mills,* 450 Mich at 75. As our Supreme Court observed in *Mills*:

> Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403 . . . . Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect . . . . It is not designed to permit the court to "even out" the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none. *[United States* v *McRae,* 593 F2d 700, 707 (CA 5, 1979).] *Id*. at 75.

Here, the record reveals that defendant asked his ex-girlfriend to allow him to watch her two underaged girls masturbate. Defendant did this in text message form which he knew was electronically recorded—meaning he knew his words could be preserved and accessed at a later time, unlike a typical in-person conversation. And the statements were highly relevant in this case where defendant was on trial for molesting a minor—they were not statements regarding a past unrelated crime, or an irrelevant, embarrassing topic—they evidenced defendant's desire to seek sexual gratification from children performing sexual acts. Therefore, these statements were not excluded by the risk of unfair prejudice under MRE 403.

Additionally, the prosecution was fairly summarizing defendant's own admissions when it stated during closing argument, "[defendant's] own words are admissions that he has a sexual interest in children." In other words, the prosecution's statement during closing argument was not an attempt to improperly use defendant's statements as propensity evidence, as defendant argues in his brief on appeal. Rather the argument was a summary of defendant's own admissions. Defendant is not entitled to relief on this issue as we assign no error to the admission of the text messages or the prosecutor's use of them in its closing argument.

Defendant next argues that the trial court erred by failing to articulate its reason for departing from the sentencing guidelines, as well as failing to articulate the need for the five-year departure above the 25-year mandatory minimum sentence. The prosecution agrees as do we. Accordingly, defendant is entitled to a remand for resentencing or rearticulation.

Sentences that depart from the minimum guidelines range are reviewed for reasonableness. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality . . . which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 459; 902 NW2d 327 (2017) (quotation marks and citation omitted). "An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of principled outcomes." *Caddell*, 332 Mich App at 37. "A trial court abuses its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed[.]" *People v Barnes*, 332 Mich App 494, 503; 957 NW2d 62 (2020) (quotation marks and citation omitted).

The guidelines range recommended a minimum of 108 to 180 months. Defendant's CSC-I convictions statutorily required he be sentenced to a minimum of 25 years. MCL 750.520b(2)(b). The trial judge sentenced defendant to a minimum term of 30 years, five more years than required by the statutory minimum. Generally, trial courts must provide an explanation when the sentence it imposes departs from the sentencing guidelines. MCL 769.34(3). Imposing a mandatory minimum sentence pursuant to a statute is not considered a departure from the sentencing guidelines. MCL 769.34(2)(a). Sentences that exceed the guidelines range because of a statutory minimum are exempt from the condition in MCL 769.34(3) that requires a trial court to provide reasons for its departure from the guidelines range. *People v Wilcox*, 486 Mich 60, 70; 781 NW2d 784 (2010). However, exceeding both the statutory minimum and the guidelines range is considered a departure, and therefore, a trial court must explain its reasoning for that departure. In *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008), where the trial court imposed a minimum sentence of 30 years' imprisonment for a CSC-I conviction, the Supreme Court remanded for resentencing because the trial judge did not explain why the specific additional years were proportionate under the circumstances. *Smith*, 482 Mich at 311; see also *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (holding that trial courts must justify a departure from the sentencing guidelines by explaining why the sentence imposed is more proportionate to the offense and offender than a sentence within the guidelines range). "A reviewing court may not substitute its own reasons for a departure. Nor may it speculate about conceivable reasons for a departure that the trial court did not articulate or that cannot reasonably be inferred from what the trial court articulated." *Smith*, 482 Mich at 318; see also *Dixon-Bey*, 321 Mich App at 529 (holding that an appellate court cannot substitute its own judgment for that of the trial court to explain why the departure from the guidelines range was justified). "A trial court abuses its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed[.]" *Barnes*, 332 Mich App at 505.

The trial judge noted how severe the crimes were, how the scales of justice would never remedy the problem defendant's conduct caused, and that the sentences furthered the goal of protecting society. However, these were just general elements associated with all CSC-I and CSC-II crimes. See *Smith*, 482 Mich at 310 (noting CSC-I cases involve heinous crimes and wreak families). The trial judge's comments were no more applicable to defendant than they were to any other defendant convicted of CSC-I or CSC-II. See *id*. at 311 (holding that the trial court was required to justify its departure from the guidelines range, despite CSC-I being a heinous crime). Additionally, the trial judge failed to express why a five-year upward departure from the statutory

minimum sentence was proportionate in this case. See *People v Babcock*, 469 Mich 247, 259; 666 NW2d 231 (2003) (holding that the trial judge must articulate the reasons for the specific guidelines departure imposed, not just general reasons for a departure). The trial court would not have had to explain why it departed from the guidelines range of 108 to 180 months if it sentenced defendant to 25 years, since the required statutory minimum was 25 years. See *Wilcox*, 486 Mich at 70 (a trial court need not articulate its reasons for departing from the guidelines range when it chooses a minimum sentence consistent with a statutory minimum). However, the trial court sentenced defendant to five years above the mandatory minimum of 25 years, without explaining why a departure was specifically necessary for defendant, or why a departure of five years was proportionate. Because of these failures, defendant is entitled to a remand for, at the discretion of the trial court, resentencing or rearticulation. See *Smith*, 482 Mich at 311 (holding that a trial court's failure to explain its departure from the sentencing guidelines entitles a defendant to a remand for resentencing or rearticulation).

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Stephen L. Borrello

-6-