*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MATTHEW LEON STINSON,

Defendant-Appellant.

UNPUBLISHED
April 10, 2025
12:13 PM

No. 370424
Oakland Circuit Court
LC No. 2022-282989-FC

Before: YOUNG, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Defendant pleaded no contest to three counts of first-degree criminal sexual conduct against his stepdaughter. The trial court sentenced defendant to concurrent terms of 40 to 60 years in prison for each conviction. We remand for the trial court to explain its reasoning for the departure sentences.

Defendant was married to the victim's mother. Defendant began sexually assaulting the victim when she was 11 or 12 years old. Defendant introduced the victim to cocaine, marijuana, alcohol, and prescription pills, and she was generally "high" during the incidents. She did not remember how many times that defendant assaulted her because it happened almost every time she was with him. Defendant assaulted the victim at different locations, including her house, his mother's house, or his girlfriend's house. Defendant at least sometimes drove the victim to these locations, and to the home of an aunt, where he assaulted her. Defendant told the victim not to tell her mother about the assaults. The victim reported suffering from posttraumatic stress disorder, depression, anxiety, and a history of suicide attempts.

At sentencing, the prosecutor requested an upward-departing sentence. The trial court found that defendant abused his "father/daughter relationship" with the victim, and he gave the victim alcohol and pills so that he could assault her. The trial court found that defendant "knew exactly what he was doing in order to get this small child to participate in these heinous acts" and that the sentencing guidelines did not properly account for "the egregiousness of this charge."

-1-

Defendant moved for resentencing, arguing that the trial court erroneously assigned 15 points to offense variable (OV) 8. The trial court denied defendant's motion, reasoning that defendant asported the victim between locations. Defendant now appeals.

We review for reasonableness a sentence that departs from the sentencing guidelines. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[A]ppellate review of departure sentences for reasonableness requires review of whether the trial court abused its discretion by violating the principle of proportionality." *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017). The principle of proportionality requires a sentence "to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 474. (cleaned up). "[S]entencing courts must justify the sentence imposed in order to facilitate appellate review." *Lockridge*, 498 Mich at 392.

Defendant first argues that the trial court erred by failing to justify the departure sentence when the reasons given were already considered by the guidelines. Generally, a trial court must consider the legislative sentencing guidelines when issuing a sentence. *People v Dixon-Bey*, 321 Mich App 490, 524; 909 NW2d 458 (2017). Factors relevant to determining whether a departure sentence is proportionate include "whether the guidelines accurately reflect the seriousness of the crime"; factors that the guidelines do not consider; "and factors considered by the guidelines but given inadequate weight." *Dixon-Bey*, 321 Mich App at 525. Defendant does not dispute that he is subject to the 25-year statutory minimum sentence. See MCL 750.520b(2)(b). A sentence that departs from a statutory minimum and the guidelines range is a departure for which a trial court must explain its reasoning. See *People v Wilcox*, 486 Mich 60, 62-63; 781 NW2d 784 (2010).

The trial court relied on defendant abusing his relationship with his stepdaughter and giving her alcohol and drugs. Defendant argues on appeal that the trial court already accounted for his abuse of authority when it assigned 15 points to OV 10, which addresses "exploitation of a vulnerable victim." MCL 777.40(1). Defendant engaged in various behaviors for which OV 10 contemplates, and it is possible that the trial court found that the guidelines did not adequately account for defendant's actions. Beyond noting that the guidelines did not account for the "egregiousness" of defendant's actions, however, the trial court did not explain why or justify the extent of the departure. See *Steanhouse*, 500 Mich at 476.

A sentencing court's explanation "must be sufficiently detailed to facilitate appellate review." *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008). Here, the trial court significantly departed from the sentencing guidelines, and the mandatory minimum, and, although a trial court need not use any specific language to justify a departure, it did not adequately articulate its reasoning here for defendant's sentence. See *id*. A significant departure sentence may well be warranted in this case, but the trial court must articulate why a particular sentence, including the extent of any departure, is proportionate to this offense and offender. See *Dixon-Bey*, 321 Mich App at 529.

Next, defendant argues that the trial court erred by assigning 15 points to OV 8 because the evidence did not demonstrate that defendant moved the victim. We review for clear error a trial court's factual determinations related to the sentencing guidelines, and these determinations must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). We review de novo the application of these facts to the applicable statute. *Id*.

Under MCL 777.38(1), a trial court properly assesses 15 points for OV 8 when the "victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." The record provided sufficient evidence from which the trial court could find that defendant repeatedly transported the victim from her mother's house to other locations, where he sexually assaulted her. The statute does not "require[] that the movement be greater than necessary to commit the sentencing offense." *People v Barrera*, 500 Mich 14, 21; 892 NW2d 789 (2017). Accordingly, the trial court did not err by assessing 15 points for OV 8.

Remanded for the trial court to articulate why the sentences are warranted. We retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle

# Court of Appeals, State of Michigan

## ORDER

PEOPLE OF MI V MATTHEW LEON STINSON

Docket No.   370424

LC No.   2022-282989-FC

Adrienne N. Young
Presiding Judge

Colleen A. O'Brien

Brock A. Swartzle
Judges

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings. We retain jurisdiction. After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal. Any challenges to the trial court's decisions on remand must be raised in this appeal. Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal. The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

Appellant must initiate the proceedings on remand within 21 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded. As stated in the accompanying opinion, the trial court must articulate, in detail, the reasons for the extent of the departure from the sentencing guidelines and why defendant's particular sentence is proportionate to these offenses and this offender. The proceedings on remand are limited to this issue.

The parties must serve copies of their filings in the trial court on this Court. Appellant must file with this Court copies of all orders entered on remand within seven days of entry.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings.

Appellant may file a supplemental brief addressing issues resulting from the remand proceedings within 21 days after the entry of the trial court's order deciding the matter or the filing of the transcript of the remand proceedings in the trial court, whichever is later. If appellant does not file a supplemental brief, appellee may file a supplemental brief within 21 days after appellant's time for filing has run. A responsive brief may be filed within 14 days of service of the supplemental brief.



A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

<u>April 10, 2025</u>
Date

Chief Clerk

_Adrienne M. Young_
Presiding Judge

Young, J., would instead remand for resentencing and not retain jurisdiction.