**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:      Justices:
Clifford W. Taylor   Michael F. Cavanagh
                    Elizabeth A. Weaver
                    Marilyn Kelly
                    Maura D. Corrigan
                    Robert P. Young, Jr.
                    Stephen J. Markman

FILED JULY 11, 2007

GARY A. BROWN and HAROLD C.
NELTHROPE,

> Plaintiffs-Appellees/Cross-
> Appellants,

v                                                    Nos. 132016, 132017

MAYOR OF DETROIT and CITY OF
DETROIT,

> Defendants-Appellants/Cross-
> Appellees.

BEFORE THE ENTIRE BENCH

CAVANAGH, J.

We granted oral argument on the applications for leave to appeal and leave
to file a cross-appeal in this case to determine whether an employee of a public
body must report violations or suspected violations to an outside agency or higher
authority to be protected by the Whistleblowers' Protection Act (WPA), MCL
15.361 *et seq*. Because there is no language in the statute that indicates such a
requirement, we hold that the WPA does not require that an employee of a public
body must report violations or suspected violations to an outside agency or higher

authority to receive the protections of the WPA. We further hold, again on the basis of the statutory language, that there is no requirement that an employee who reports violations or suspected violations only receives the protections of the WPA if the reporting is outside the employee's job duties. Accordingly, we affirm in part the opinion of the Court of Appeals, but we vacate that portion of the opinion that holds that there is question of fact concerning whether plaintiff Harold Nelthrope reported allegations to the Federal Bureau of Investigation (FBI) because Nelthrope admitted in his deposition that he did not make this report.

## I. FACTS AND PROCEEDINGS

Plaintiff Harold Nelthrope was a detective in the Executive Protection Unit (EPU) of the Detroit Police Department before he was transferred. Nelthrope reported allegations of illegal conduct and misconduct by fellow EPU officers and by Detroit Mayor Kwame Kilpatrick and his wife to the police department's Professional Accountability Bureau. These allegations were summarized in a memorandum. Plaintiff Gary Brown, the deputy chief of the Professional Accountability Bureau, authorized a preliminary investigation into these allegations and prepared another memorandum regarding Nelthrope's allegations. This memorandum was given to the police chief and then passed along to the mayor's office. After the memorandum was submitted, Brown was discharged from his position as deputy chief of the EPU. Members of the mayor's office then identified Nelthrope as being the source of the allegations of misconduct to the media, and the mayor publicly called Nelthrope a liar.

2

Brown and Nelthrope filed complaints against the city of Detroit and Mayor Kilpatrick, asserting claims of slander and violations of the WPA. Nelthrope also sued for intentional infliction of emotional distress. The circuit court granted the city's motion for summary disposition of the slander claims on the basis of governmental immunity, but denied the mayor's motion for summary disposition of the slander claims. It also denied defendants' motions for summary disposition of the WPA claims. It also granted Nelthrope's motion for partial summary disposition of the WPA claim, leaving only the issue of damages for the jury.

The Court of Appeals issued a published opinion that affirmed in part, reversed in part, and remanded for further proceedings. It reversed the circuit court's denial of the mayor's motion for summary disposition of the slander claims and reversed the circuit court's grant of partial summary disposition to Nelthrope on his WPA claim. *Brown v Detroit Mayor*, 271 Mich App 692; 723 NW2d 464 (2006). This Court granted oral argument on the applications for leave to determine whether an employee of a public body must report to an outside agency or higher authority to be protected by the WPA. 477 Mich 1011 (2007).

## II. STANDARD OF REVIEW

The proper interpretation of a statutory provision is a question of law that this Court reviews de novo. *Lincoln v Gen Motors Corp*, 461 Mich 483, 489-490; 607 NW2d 73 (2000).

III. ANALYSIS

This case involves an issue of statutory interpretation. The primary goal of statutory interpretation is to give effect to the intent of the Legislature. *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). The first step is to review the language of the statute. *Id*. If the statutory language is unambiguous, the Legislature is presumed to have intended the meaning expressed in the statute and judicial construction is not permissible. *Id*.

MCL 15.362 of the WPA provides:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to *a public body*, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action. [Emphasis added.][1]

MCL 15.361(d) provides:

> "Public body" means all of the following:

> (*i*) A state officer, employee, agency, department, division, bureau, board, commission, council, authority, or other body in the executive branch of state government.

---

[1] MCL 15.361(a) provides: "'Employee' means a person who performs a service for wages or other remuneration under a contract of hire, written or oral, express or implied. Employee includes a person employed by the state or a political subdivision of the state except state classified civil service."

4

(*ii*) An agency, board, commission, council, member, or employee of the legislative branch of state government.

(*iii*) A county, city, township, village, intercounty, intercity, or regional governing body, a council, school district, special district, or municipal corporation, or a board, department, commission, council, agency, or any member or employee thereof.

(*iv*) Any other body which is created by state or local authority or which is primarily funded by or through state or local authority, or any member or employee of that body.

(*v*) A law enforcement agency or any member or employee of a law enforcement agency.

(*vi*) The judiciary and any member or employee of the judiciary.

The statutory language in this case is unambiguous. The WPA protects an employee who reports or is about to report a violation or suspected violation of a law or regulation to *a public body*. MCL 15.362. The language of the WPA does not provide that this public body must be an outside agency or higher authority. There is no condition in the statute that an employee must report wrongdoing to an outside agency or higher authority to be protected by the WPA.[2] In this case, Nelthrope and Brown reported their allegations of suspected violations to a public body. Nelthrope reported the suspected violations to the police department's

---

[2] We disapprove of dictum in a footnote that suggested the contrary in *Dudewicz v Norris Schmid, Inc*, 443 Mich 68, 77 n 4; 503 NW2d 645 (1993). The statement was dictum because it was unnecessary to the decision of the case. See *Wold Architects & Engineers v Strat*, 474 Mich 223, 232 n 3; 713 NW2d 750 (2006). We also caution that to the extent that caselaw has followed this footnote, it is overruled. See, e.g., *Heckmann v Detroit Chief of Police*, 267 Mich App 480, 495-496; 705 NW2d 689 (2005).

5

Professional Accountability Bureau, and Brown reported the suspected violations to the chief of police. A "public body" includes a "law enforcement agency or any member or employee of a law enforcement agency." MCL 15.361(d)(*v*). It does not matter if the public body to which the suspected violations were reported was also the employee's employer.

While we affirm the Court of Appeals conclusion that defendants were not entitled to summary disposition on whether Nelthrope and Brown were engaged in protected activity under the WPA, we note that the Court's analysis of this issue addressed whether plaintiffs indeed reported the suspected violations to an outside agency. Because this requirement does not exist in the statute, it was unnecessary for plaintiffs to do so. Moreover, we vacate the Court's holding that it should be left to a jury to determine if Nelthrope reported the suspected violations to the FBI, because this holding is not supported by the facts. In his deposition, Nelthrope admitted that he did not report his concerns to the FBI.[3] Thus, because of Nelthrope's admission, there is no factual question left regarding whether Nelthrope contacted the FBI. However, because the WPA does not require that a

---

[3]     *Q.*     Mr. Nelthrope, did you ever go to the FBI and report any of these matters pertaining to the Police Department?

       *A.*     No, I did not.

       *Q.*     Or the Mayor?

       *A.*     No, I did not.

6

report be made to an outside agency, Nelthrope's admission does not affect whether he can proceed with his WPA claim.

Finally, there is also no language in the statute that limits the protection of the WPA to employees who report violations or suspected violations only if this reporting is outside the employee's job duties. The statute provides that an employee is protected if he reports a "violation or a suspected violation of a law or regulation or rule . . . ." MCL 15.362. There is no limiting language that requires that the employee must be acting outside the regular scope of his employment. The WPA protects an employee who reports or is about to report a violation or suspected violation of a law or regulation to a public body. The statutory language renders irrelevant whether the reporting is part of the employee's assigned or regular job duties.

## IV. CONCLUSION

The WPA does not require that an employee of a public body must report violations or suspected violations to an outside agency or higher authority to receive the protections of the WPA. Further, the WPA does not provide that an employee who reports violations or suspected violations only receives the protections of the WPA if the reporting is outside the employee's job duties. Accordingly, we affirm in part the opinion of the Court of Appeals, but we vacate that portion of the opinion that holds that there is question of fact regarding whether plaintiff Nelthrope reported allegations to the FBI. Because Nelthrope

7

has admitted that he did not contact the FBI, there is not a factual question regarding this issue that remains to be decided by a jury.

Affirmed in part and vacated in part.

Michael F. Cavanagh
Clifford W. Taylor
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
