# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTIN L. BAUER,

        Plaintiff-Appellee,

v

CITY OF ADRIAN, JAMES BERRYMAN, and
SHANE HORN,

        Defendants-Appellants,

and

JEFFREY DOCKING and ADRIAN COLLEGE,

        Defendants.

UNPUBLISHED
April 17, 2018

No. 334554
Lenawee Circuit Court
LC No. 14-005078-CZ

Before: SAWYER, P.J., and HOEKSTRA and MURRAY, JJ.

PER CURIAM.

Defendants[1] the City of Adrian, James Berryman, and Shane Horn, appeal by leave granted[2] the trial court's order denying their motion for summary disposition. For the reasons stated herein, we affirm.

This case involves a claim of unlawful termination under the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq*. Plaintiff served as City Engineer for the City of Adrian from 2007 to March 7, 2014. In that capacity, she, along with Dane Nelson, the City Administrator for the majority of her tenure, were responsible for code enforcement against Adrian College and other entities.

---

[1] Jeffrey Docking and Adrian College were defendants below but are not parties to this appeal. They filed a separate appeal in this Court but stipulated to its dismissal. *Bauer v City of Adrian*, unpublished order of the Court of Appeals, entered April 11, 2017 (Docket No. 334492).

[2] *Bauer v City of Adrian*, unpublished order of the Court of Appeals, entered January 6, 2017 (Docket No. 334554).

-1-

In November 2013, Berryman was elected mayor of the City of Adrian, and Horn replaced Nelson as City Administrator. Mayor Berryman ran, in part, on the platform of improving relations between the City and the College, receiving support from Adrian College President Jeffrey Docking during the campaign, and openly criticized Nelson during the campaign. Then, on March 7, 2014, Horn discharged plaintiff from her City Engineer position, citing plaintiff's poor attitude, communication issues, and his belief that she was not on his team. Plaintiff's complaint followed. She alleged that she was terminated, in violation of the WPA, as a result of reporting the College's local ordinance violations to both other City officials, as well as outside public bodies including the Michigan Department of Transportation (MDOT), the Michigan Department of Environmental Quality (MDEQ), and the Lenawee County Drain Commission.

In response, defendants filed an answer denying plaintiff's claim, as well as a motion for summary disposition pursuant to MCR 2.116(C)(10), requesting that the claim be dismissed. In their brief in support, defendants argued that plaintiff failed to meet her burden of stating a prima facie case under the WPA because her internal reports of the College's violations of law could not be considered "protected activity," and because she presented "no direct evidence of any causal connection between the 2013 MDOT/MDEQ report about the College (or indeed any of her internal reports on the College's compliance with local ordinances) and Shane Horn's decision to terminate her employment." The trial court ultimately denied the motion, stating, "I believe that there is an issue of material fact as to the reason why Ms. Bauer was terminated."

Defendants argue that the trial court erred when it denied their motion for summary disposition. We review a trial court's decision regarding a motion for summary disposition de novo. *Manzo v Petrella*, 261 Mich App 705, 711; 683 NW2d 699 (2004). A court may grant a motion for summary disposition pursuant to MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). "[A] genuine issue of material fact exists when, viewing the evidence in a light most favorable to the nonmoving party, the 'record which might be developed . . . would leave open an issue upon which reasonable minds might differ." *Debano-Griffin v Lake Co*, 493 Mich 167, 175; 828 NW2d 634 (2013), quoting *Shallal v Catholic Social Servs of Wayne Co*, 455 Mich 604, 609; 566 NW2d 571 (1997) (quotation marks and citations omitted). If the moving party adequately supports its motion, "an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4).

Defendants first assert that the WPA does not extend protection to an employee who reports, to his or her own employer as part of the duties of the job, the legal violations of a third party. "The primary goal of statutory interpretation is to give effect to the intent of the Legislature." *Brown v Mayor of Detroit*, 478 Mich 589, 593; 734 NW2d 514 (2007). This Court first reviews the language of the statute. *Id.* "If the statutory language is unambiguous, the Legislature is presumed to have intended the meaning expressed in the statute and judicial construction is not permissible." *Id*.

MCL 15.362 provides:

An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.

Under the WPA, a "public body" includes an agency or department of the executive branch of state government, an agency of the legislative branch of state government, and a city employee. MCL 15.361(d)(*i*), (*ii*), and (*iii*).

Contrary to defendants' arguments, nothing in this statute precludes this Court from holding that plaintiff engaged in protected activity when she reported, both to the City and to outside public bodies, the College's violations of local ordinances. "The plain language of the statute provides protection for two types of 'whistleblowers': (1) those who report, or are about to report, violations of law, regulation, or rule to a public body, and (2) those who are requested by a public body to participate in an investigation held by that public body or in a court action." *Henry v Detroit*, 234 Mich App 405, 409; 594 NW2d 107 (1999). And, as the Michigan Supreme Court stated in *Brown*, 478 Mich at 591, 594, "[t]here is no condition in the statute that an employee must report wrongdoing to an outside agency or higher authority to be protected by the WPA." Nor is there "language in the statute that limits the protection of the WPA to employees who report violations or suspected violations only if this reporting is outside the employee's job duties." *Id*. at 591, 596.

Further, defendants' assertion that extending protection under the WPA in cases like plaintiff's defeats the purpose of the statute, lacks merit. Although the statute was intended to promote public health and safety, *Dolan v Continental Airlines/Continental Express*, 454 Mich 373, 378-379; 563 NW2d 23 (1997), "a plaintiff's motivation is not relevant to the issue whether a plaintiff has engaged in protected activity," *Whitman v City of Burton*, 493 Mich 303, 306; 831 NW2d 223 (2013). Moreover, the Supreme Court specifically vacated that portion of an opinion of this Court which held that "a plaintiff's actions or conduct, as an objective matter, must advance the public interest to entitle a plaintiff to the protection of the [WPA]." *Whitman v City of Burton*, 499 Mich 861, 861 (2016).

Looking next to causation, defendants argue that plaintiff failed to demonstrate a causal connection between her reports of the College's violations of law, and the decision to terminate her employment. To establish a prima facie case under the WPA, a plaintiff must show not only that he or she was engaged in protected activity, as discussed above, but also that he or she was discharged, and that "a causal connection exists between the protected activity and the discharge or adverse employment action." *West v General Motors Corp*, 469 Mich 177, 183-184; 665 NW2d 468 (2003). Once a plaintiff establishes a prima facie case, an employer may still be entitled to summary disposition "if it offers a legitimate reason for its action and the plaintiff fails to show that a reasonable fact-finder could still conclude that the plaintiff's protected

-3-

activity was a 'motivating factor' for the employer's adverse action." *Debano-Griffin*, 493 Mich at 176.

"[A] temporal relationship, standing alone, does not demonstrate a causal connection between the protected activity and any adverse employment action. Something more than a temporal connection between protected conduct and an adverse employment action is required to show causation where discrimination-based retaliation is claimed." *West*, 469 Mich at 186. In other words, a "[p]laintiff must show something more than merely a coincidence in time between protected activity and adverse employment action." *Id*. Further, it may be inferred that an employer with more knowledge of a plaintiff's protected activity is more likely to have had an impermissible motivation for termination, and that "the more an employer is affected by the plaintiff's whistleblowing activity, the stronger the causal link becomes between the protected activity and the employer's adverse employment action." *Debano-Griffin*, 493 Mich at 178.

Admittedly, much of the evidence offered by plaintiff in support of her claim is circumstantial, and the causal connection is somewhat difficult to prove because the protected activity in this case – the reports plaintiff made of the College's code violations – did not directly affect the City, plaintiff's employer. However, plaintiff presented sufficient evidence to establish a genuine issue of material fact regarding whether such reports led to her termination as City Engineer.

The record demonstrates the existence of a strained relationship between the City and the College as a result of the City and plaintiff's efforts to enforce local ordinances, and Mayor Berryman and Horn's knowledge of that strained relationship. Plaintiff testified that when working with the College, she was often met with frustration and pushback from College officials. In one e-mail, President Docking referred to her as the "cranky city engineer," and in another e-mail, Jerry Wright, a College official, accused plaintiff of leaking site plan documentation to a citizen affected by flooding from College property.

Mayor Berryman admitted to running, in part, on the platform of improving relations between the City and College, openly criticizing Nelson's performance as City Administrator in the process, and replaced Nelson with Horn. Further, he immediately forwarded Horn's e-mail announcing plaintiff's termination to President Docking, stating, "I thought you would find this interesting," to which President Docking responded: "This is great news and another courageous step in the right direction. Good for Shane!!"

Additionally, despite Mayor Berryman's testimony that the decision to terminate plaintiff was Horn's alone, and that he had no knowledge of the decision prior to her termination on March 7, 2014, just over three months after his election as mayor, plaintiff presented evidence to the contrary. At a special meeting of the Adrian City Commission attended by Mayor Berryman the day before, during which Horn was appointed permanent City Administrator, Horn alluded to the imminent termination of a department head he believed was not "on the same boat" with taking the City in a new direction.

From this evidence, a reasonable juror could conclude that a causal connection existed between the protected activity and the adverse employment action by finding that, although defendants proffered other reasons, their main motivation for discharging plaintiff, who had in

the past strictly enforced City code against the College, was to remove barriers to improving relations between the City and the College.  Thus, we hold that plaintiff established a prima facie case under the WPA, and affirm the trial court's order denying defendants' motion for summary disposition.

Affirmed.


/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Christopher M. Murray