*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLES DALE PERRY, JR.,

        Plaintiff-Appellee,

v

STATE OF MICHIGAN,

        Defendant-Appellant.

UNPUBLISHED
June 3, 2021

No. 351469
Court of Claims
LC No. 2018-000096-MZ

Before: MARKEY, P.J., and SHAPIRO and GADOLA, JJ.

SHAPIRO, J. (*concurring*).

Although I disagree with the analysis set forth in *Tomasik v Michigan*, 327 Mich App 660; 935 NW2d 369 (2019), I am bound by it and so concur in the majority opinion.

I disagree with *Tomasik* because the opinion failed to consider the remedial nature of the statute. That the Wrongful Imprisonment Compensation Act (WICA), MCL 691.1751 *et seq.*, is a remedial statute is beyond dispute. "Generally*,* remedial statutes are those which provide a remedy . . . for the enforcement of rights and the redress of injuries. They also include statutes intended for the correction of defects, mistakes and omissions in the civil institutions and the administration of the state." *White v Gen Motors Corp*, 431 Mich 387, 396-397; 429 NW2d 576 (1988), quoting 3 Sands, Sutherland Statutory Construction (4th ed), § 60.02, p 60. These descriptions of a remedial statute clearly encompass WICA. And "[t]o ascertain the legislative intent in the passage of a remedial statute, not only the remedy expressed but also the evil sought to be reached must be considered." 22 Mich Civ Jur, Statutes, § 222, pp 877-878. Put another way, an act that is "remedial in nature . . . must be liberally construed in favor of the persons intended to benefit from it." *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 28; 528 NW2d 681 (1995). Literal interpretations of remedial statutes are not favored. See *Dudewicz v Norris-Schmid, Inc*, 443 Mich 68, 77; 503 NW2d 645 (1993), disapproved of on other grounds by *Brown v Mayor of Detroit*, 478 Mich 589; 734 NW2d 514 (2007). As noted, the opinion in *Tomasik* made no reference to the remedial nature of the statute; to the contrary it concludes that WICA must be interpreted literally and without any consideration of its purpose, spirit or those it was intended to benefit. Such a miserly interpretation of a remedial statute is inconsistent with law as far back as Blackstone, who stated in his *Commentaries on the Laws of England*:

There are three points to be considered in the construction of all remedial statutes; the old law, the mischief, and the remedy: that is, how the common law stood at the making of the act; what the mischief was, for which the common law did not provide; and what remedy the parliament hath provided to cure this mischief. *And it is the business of the judges so to construe the act, as to suppress the mischief and advance the remedy.* [3 Sutherland Statutory Construction § 60:1, quoting 1 Blackstone, Commentaries 8 (Clarendon 1765–69) (emphasis added).]

I recognize that a countervailing principle requires that we not interpret even a remedial statute such that it conflicts with the language of the provision. And in *Ricks v State*, 330 Mich App 277, 288; 948 NW2d 83 (2019), we properly held that WICA does not provide for compensation if a defendant had been wrongly convicted on a charge but was also serving a sentence for another conviction. See MCL 691.1755(4). Unlike the issue in this case, *Ricks* involved a substantive failure to meet the statute's requirements. Here, the "failure" was a procedural one and not the result of any failure on the part of the plaintiff or even an unfavorable ruling as in *Tomasik*.[1] Plaintiff sought a ruling whether the new evidence merited a new trial but never got one. I would give plaintiff the opportunity to address that question now and for this Court to rule whether reversal was also warranted on those grounds.[2] If we conclude that it was, then I would conclude that plaintiff's claim falls within the spirit and policy of WICA and reverse. If not, then I would affirm.

/s/ Douglas B. Shapiro

---

[1] Unlike the instant case in which no appellate court ruled on plaintiff's request for relief based on new evidence, the claim of new evidence in *Tomasik* was twice considered by this Court and rejected on both occasions. *People v Tomasik (After Remand)*, unpublished per curiam opinion of the Court of Appeals, issued November 29, 2011 (Docket No. 279161), p 5, vacated in part 495 Mich 887 (2013); *People v Tomasik (On Second Remand)*, unpublished per curiam opinion of the Court of Appeals, issued April 22, 2014 (Docket No. 279161), pp 13-14.

[2] This would require us to consider the issue as it was raised and determine if relief would have been granted. Such an exercise would be no more speculative than the determination of harmless error in a case when we determine what "would have" happened if improperly admitted evidence had been excluded, an exercise we engage in in almost every criminal case where there has been error.